IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LEO A. McCULLUM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 04-03528-CV-RED |
| | ) | |
| DAVID DORMIRE, | ) | |
| Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

NOW before the Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), First Amended Petition for a Writ of Habeas Corpus (Doc. 10), Respondent's Response to the Order to Show Cause (Doc. 13), and the Petitioner's Traverse (Doc. 16). For the reasons articulated below, Petitioner's Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus are due to be denied in their entirety.

### I. STANDARD OF REVIEW

Section 2254 of Title 28 of the U.S. Code permits a prisoner in state custody to petition a federal court for a writ of *habeas corpus* "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Specifically, section 2254(d)(1) of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides as follows:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States[.]

28 U.S.C. § 2254(d)(1).

As the United States Supreme Court explained in *Williams v. Taylor*, for a petitioner to obtain federal *habeas* relief, he or she must first demonstrate that his case [or her case] satisfies the condition set by § 2254 (d)(1). *Williams*, 529 U.S. 362 (2000).

In sum, the Supreme Court has stated that the purpose of § 2254 (d) as amended by the AEDPA is to limit the scope of federal court review, compared to past practice, "in order to effect the intent of Congress to expedite *habeas* proceedings with appropriate deference to the state court determinations." *Whitmore v. Kemna*, 213 F.3d 431, 433 (8th Cir. 2000)(*quoting Williams v. Taylor*, *supra*). A petitioner may bring a federal *habeas* petition to challenge a state court's application of federal law or to challenge a state court's factual findings, but the federal court's power to grant a state prisoner's application on claims adjudicated on the merits in state court is much more constrained under the AEDPA. *Williams*, 529 U.S. at 412. The state court's findings of facts are subject to a deferential standard of review; meaning, these findings are presumed correct unless the petitioner can rebut those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Kinder v. Bowersox*, 272 F.3d 532, 538 (8th Cir. 2001); *James v. Bowersox,* 187 F.3d 866, 871 (8th Cir. 1999).

The state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991). The requirement of exhaustion of remedies is satisfied if the petitioner has "fairly presented" his claims to the state court, thus preserving those claims for federal review, by properly raising both the factual and legal bases of the claim in state court

proceedings, affording that court "a fair opportunity to rule on the factual and theoretical substance of [the] claim." *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)(citations omitted). Even when a petitioner has technically met the exhaustion requirement, the federal court may still be prevented from considering the federal *habeas* claim if it is procedurally defaulted. "A *habeas* petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 732. A claim may be lost due to procedural default at any level of state court review: at trial, on direct appeal, or in the course of state post-conviction proceedings. *Kilmartin v. Kemna*, 253 F.3d 1087, 1088 (8th Cir. 2001).

## II. PROCEDURAL AND FACTUAL BACKGROUND

The facts of this case are fully recounted in *State v. McCullum*, 63 S.W.3d 242 (Mo. Ct. App. 2001). However, a brief overview of the facts of this case is appropriate here. On August 22, 1999, Petitioner and his live-in girlfriend, Piper O'Neal, had a verbal argument and a physical confrontation. Not long after this disagreement, O'Neal suffered third-degree burns as a result of being set on fire in the front yard of the home which she and Petitioner shared. Two neighbors saw her catch fire while Petitioner was chasing her. While Petitioner claims O'Neal set herself on fire, Petitioner was convicted in 2000 in Greene County, Missouri, of assault in the first degree and was sentenced to thirty (30) years imprisonment. Petitioner directly appealed his

3

case to the Missouri Court of Appeals, this opinion can be found at 63 S.W.3d 242. Petitioner then filed a Rule 29.15 motion, which was denied without evidentiary hearing. The denial of this motion was affirmed by the Missouri Court of Appeals.

Petitioner now seeks a writ of habeas corpus on three primary grounds. One, Petitioner argues he was denied his right to a fair and impartial jury guaranteed by the Sixth and Fourteenth Amendments to the Constitution as a result of his denial of a request for a change of venue. Two, trial counsel was ineffective in failing to call Dr. Logan as a witness at trial and failing to make an offer of proof as to Petitioner's and Dr. Logan's Testimony. Three, trial counsel was ineffective in failing to investigate and present evidence to the jury of O'Neal's previous suicide attempts.

## III. DISCUSSION

### A. Denial of Motion for Change of Venue

Petitioner argues that his trial and the facts of his case caused so much pretrial publicity that it was impossible for potential jurors of Greene County to impartially render a decision. Petitioner claims this publicity created a presumption of prejudice and that any claims of impartiality by the jurors were not credible.

One of the cornerstone Supreme Court cases regarding pretrial publicity and juror bias is *Murphy v. Florida*, 421 U.S. 794 (1975). In *Murphy*, the Supreme Court analyzed its own precedent, including *Irvin v. Dowd*, 366 U.S. 717 (1961), which was analyzed at length by the Court of Appeals in Petitioner's direct appeal. *Murphy* established that precedent "cannot be made to stand for the proposition that juror exposure to information about a state defendant's prior convictions or to news accounts of the crime for which he is charged alone presumptively

4

deprives the defendant of due process." *Murphy*, 421 U.S. at 799. The Missouri Supreme Court reiterated this statement in *State v. Johns*, 34 S.W.3d 93 (Mo. banc 2000), where the Court stated that "[the relevant question, then, is whether the pretrial publicity 'so permeated the community as to render impossible the seating of an impartial jury." *Id.* at 107. (citations omitted). The Court noted that a "high threshold of proof" must be met and that such a threshold is "reserved for extreme situations." *Id.* Moreover, the "mere finding of exposure to pretrial publicity is insufficient to overcome the jurors' assertions of impartiality." *Id.*

In analyzing Petitioner's case, the Missouri Appellate Court found that there was no pattern of prejudice, and that the media attention given to his case did not cause the wave of public passion that would be required to meet the high threshold of a claim of presumptive juror prejudice. Thus, even through five of the members of the petit jury had some exposure to the case before their time of jury service, each stated that they had not formed an opinion on the guilt or innocence of Petitioner, and those statements by the jurors were credible.

This Court does not find that the opinion of the Missouri Court of Appeals was contrary to, or involved an unreasonable application of, clearly established Federal law or was unreasonable. Thus, Petitioner's claim on this ground must fail.

In discussing Petitioner's argument for presumptive prejudice, the Court of Appeals clearly articulated the correct standard of law. Additionally, the Court then analyzed each of the jurors with some exposure who were allowed to remain on the petit jury. To a person, each of these jurors stated that they had no pre-conceived beliefs as to Petitioner's guilt or innocence and only vague recollections as to the content of any media reports they had heard. The Appellate court then compared these facts with those of *Irvin*, as in that case some jurors had preconceived

5

notions, but agreed they could set them aside.

The Court of Appeals also looked at the media coverage itself. The court found that most of the newspaper articles were factual and written soon after the incident occurred. Additionally, the additional information jurors might have received from the media accounts involved prior domestic violence between Petitioner and the victim, and were never challenged by Petitioner for their falsity.

Petitioner's trial was not one that was "lacking in the solemnity and sobriety to which [Petitioner] was entitled in a system that demands due process and avoidance of mob rule." *Murphy*, 421 U.S. at 799. Petitioner did not meet the "high threshold of proof" to show the "extreme situation" in which the presumption of juror prejudice could be found from pretrial publicity. Thus, his claim on this point is due to be denied.

B. Ineffective Assistance of Counsel Claim for Failing to Call Petitioner and Dr. Logan as Witnesses at Trial and for Failure to Make and Offer of Proof

Petitioner also claims that his counsel at trial was ineffective because he failed to call Petitioner and Dr. Logan as witnesses. Specifically, Petitioner claims "both the prosecutor and trial court successfully bluffed and intimidated trial counsel into not presenting any meaningful defense evidence by leaving open the possibility that this defense evidence <u>might</u> open the door to rebuttal evidence regarding a 1993 domestic assault incident." (emphasis original) Additionally, Petitioner claims that counsel was ineffective for making no offer of proof as to these two witnesses, and thus gain a definitive ruling from the court on the matter.

To establish an ineffective assistance of counsel claim, Petitioner has the burden to prove that (1) counsel's performance was deficient, falling below an objective standard of

6

reasonableness, and (2) that the deficient performance prejudiced the Petitioner as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984).

Regarding the deficiency prong of an ineffective assistance of counsel claim, ineffective assistance will only be found if counsel "'failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances.'" *Apfel*, 97 F.3d at 1076 (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988) (alteration in *Apfel*)). The Court presumes that a Defendant's counsel's conduct falls within a wide range of reasonable professional assistance. *Strickland*, 446 U.S. at 688-89. A Court should view the circumstances as they appeared to counsel at the time of the proceeding and not benefit from hindsight. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential," and a Court will rarely second-guess an attorney's tactics or strategic decisions. *Huls v. Lockhart*, 958 F.2d 212, 214 (8th Cir. 1992) (citations and quotations omitted).

Regarding the prejudice prong of the ineffective assistance of counsel claim, a Defendant must show that, but for the attorney's unprofessional errors, there is a reasonable probability that the results of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A reasonable probability is one sufficient to undermine the confidence in the outcome of the proceeding. *Id.* Failure to demonstrate prejudice can be dispositive of a case, and a court need not address the reasonableness of an attorney's behavior if the defendant cannot prove prejudice. *Apfel*, 97 F.3d at 1076.

The Missouri Court of appeals found this decision to be a matter of strategy by Petitioner's trial counsel. This Court can not say that result was contrary to, or involved an unreasonable application of, clearly established Federal law or was unreasonable. Petitioner had

7

filed a motion in limine, requesting that no mention be allowed to be made regarding a 1993 trespassing and domestic violence incident between Petitioner and O'Neal. During the trial, the trial court and trial counsel engaged in a colloquy in regard to the testimony of Petitioner and how it would affect the motion in limine. The trial court mentioned that if more evidence was presented on Petitioner's intent, either through his testimony or an expert, then he would be"leaning toward" allowing the 1993 incident to come into evidence.

Clearly, Petitioner's trial counsel knew the testimony that would be elicited from Petitioner and from Dr. Logan. Additionally, trial counsel was also aware of the probable ruling of the court if he put this testimony into evidence. Thus, a strategic decision was made for Petitioner not to take the stand and for the expert not to be called, so that the 1993 incident evidence would remain out of the case. This is a matter of trial tactics and strategy by the Petitioner's counsel and does not meet the *Strickland* standard. Petitioner's claim on this point is due to be denied.

C. Ineffective Assistance of Counsel Claim for Failing to Investigate and Present Evidence Regarding Previous Suicide Attempts by O'Neal

In addition to his ineffective assistance claims addressed above, Petitioner also claims that his counsel was ineffective for failing to investigate and present evidence through various witnesses of prior suicide attempts by O'Neal. Some of these attempts allegedly involved facts similar to the incident Petitioner was accused of, including threats by O'Neal to set herself on fire and to place the blame for her suicide on Petitioner. This claim was summarily denied by the Missouri Court of Appeals in Petitioner's Appeal from the denial of the Rule 29.15 Motion.

The analysis for this claim is under the *Strickland* standard given above. Additionally,

8

*Strickland* recognizes that "the reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691. In Petitioner's case, his trial counsel stated that he had exercised diligence in investigation, and that he had interviewed potential witnesses, including Petitioner's daughter, extensively. As Petitioner himself states in his Petition (Doc. 1), trial counsel may have had knowledge of some other suicide attempts, but not of the similarities with the charged crime at the time of trial. Moreover, it is important to note that Petitioner himself would have been a likely source of this information to his counsel, yet Petitioner failed to communicate.

This is not a case of a failure by trial counsel to do any investigation. *See Wiggins v. Smith*, 539 U.S. 510 (2003) (finding a failure to investigate childhood replete with mitigating evidence although quick investigation would have yielded results.) Rather, this is a claim that counsel failed to conduct a sufficient investigation. However, as noted in Respondent's Response to the Order to Show Cause, "counsel cannot be held responsible for failing to find mitigating evidence, if after a reasonable investigation, nothing has put the counsel on notice of the existence of that evidence." *Lambrix v. Singeltary*, 72 F.3d 1500, 1506 (11th Cir. 1996).

As this issue comes in the form of a claim that Petitioner's trial counsel was ineffective, the Court also notes that Petitioner has failed to demonstrate the requisite prejudice to carry such a claim. The record is contradictory as to whether Petitioner's counsel actually knew at the time of trial of the similarities of O'Neal's past suicide attempts and the incident for which Petitioner was convicted. Conflicting affidavits and testimony on this point appear throughout the record, including the affidavits submitted by Petitioner, the Petitioner's 2254 petition, and testimony given during the hearing on the Motion for New Trial. However, even if Petitioner's trial

9

counsel had presented evidence regarding the similar nature of O'Neal's past acts and the incident of August 22, 1999, there is no indication that the jury's verdict would have been different, and thus no indication of the requisite prejudice necessary under *Strickland*. The other evidence in the case, including the testimony of eyewitnesses seeing Petitioner chasing O'Neal and reaching out, followed by the flick of a lighter before O'Neal went "up in flames," and the statements by O'Neal at the time of the incident that Petitioner was responsible, could have overcome this evidence if presented. Moreover, even though evidence of similar suicide attempts by the victim was not presented at trial, Petitioner was still able to advance his defense that the burns were self-inflicted. Thus, the Missouri Appeals Court decision was not contrary to law nor did it involve an unreasonable application of the law. Petitioner's Petition on this ground is due to be denied.

## IV. CONCLUSION

Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254 (d)(1). However, a federal court may not issue a writ of habeas corpus simply because it concludes that the state court applied clearly established federal law erroneously or incorrectly -- the application must be unreasonable, as well. *Williams v. Taylor*, 529 U.S. 362, 411-13 (2000).

For the reasons stated above, this Court finds that the state court determinations on Petitioner's grounds for relief were neither contrary to federal law nor did they involve an unreasonable application of clearly established federal law. Moreover, the determinations were

reasonable. Thus, Petitioner's Petition for Habeas Corpus and First Amended Petition for Habeas Corpus are **DENIED** in their entirety.

     **IT IS SO ORDERED.**

DATE:    August 22, 2005                  */s/ Richard E. Dorr*
                                                 RICHARD E. DORR, JUDGE
                                                 UNITED STATES DISTRICT COURT